PENDLETON, President.
The subject of this dispute was before the Court in October, 1799, in the case of Jones *225 v. Williams,* another residuary legatee in Watson’s will. The neglect of the executors, in not accounting from 1752 to 1786, was then, as now, complained of, for which some ' apology was then suggested and approved by the Court, from the supposed confidence which the legatees had in their uncles, the executors, whose accounts the children, probably as they came of age, examined, received their estates, and were satisfied: And the rather, since Edward, the only acting executor for six years, never rendered any account, nor does it appear that they ever required such account, or were dissatisfied about it. Indeed, it. does not seem, that cither Williams, or Watson, ever called on Richard to account, but, both having contrived to get more, than their share from him, it became necessary for Richard’s executors to make up the account of his administration of Watson’s estate, in order to recover hack what had been over-paid. Accordingly, in 1785, by consent of those executors, and Williams and Watson,, an order of the County Court o£ ,/Jmelia was made, appointing Commissioners to state and settle that account, which, in March 1786, was returned and ordered to be recorded; making a balance, due from Watson’s estate to Jones’s, of 102/. 8s. Id. Watson being charged with his proportion of that balance, and his private account stated, a balance remained due from him to Jones’s estate, of 42/. 18,y. 8d.; which it is supposed he assumed to pay, but neglected it; and in May, 1787, Jones’s executors brought, a suit at law to recover it, which suit was afterwards in March, 1790, referred to arbitration, and an award returned in March, 1791, in favor of the plaintiffs for 42/. Iffr. 8d.; but, ou Watson’s motion, and the plaintiff’s consent, it was referred back to the arbitrators to be re-considered, and, in May, 17.92, the arbitrators reported that Watson had failed to attend them; and that they had re-examined the account and vouchers, and discovered no reason to change their former award: Upon which, judgment was entered for the plaintiffs; but, even then, he had one month allowed him to shew any further just, discounts; which he never brought forth. In June, a writ of fieri facias issued, which was executed, and a forthcoming bond taken. In March, 1793, that execution and bond were quashed, a new execution issued in .Bpril, which was also executed, and a forthcoming bond taken, on which bond, judgment *226 was entered in May, for 65/. 10s. Hi/, with costs. In June, Watson obtained a supersedeas to that judgment, which was affirmed in the District Court, finally in September, 1795: And in March, 1796, he obtained an injunction, on filing the present bill. Upon the hearing, the Chancellor referred it to a Commissioner to examine and report upon the.accounts; who says that, after being attended by the parties, hearing their several allegations, examining their papers, and adjourning for time to procure further testimony, he had stated an account between them, reducing the balance due, from Watson’s estate to Jones’s, to 16/. 2s. 9d. exclusive of interest. To this report exceptions are filed by Watson, suggesting that it appears by the depositions, that several tenants lived on Watson’s land, whose rents are not credited in the account. The final decree makes the injunction perpetual against the whole judgment at law, and awards Jones’s executors to pay the costs, from which the appeal is entered.
On what ground the Chancellor disallowed the balance of 161. 2s. 9d. and perpetuated the injunction for the whole, the Court are not able to discover. If it was upon the supposition, that rents to that amount had been received and not accounted for, it is observable that various rents are credited, and it does not appear in proof that any more were received by Richard Jones; and considering that Watson had so many opportunities, from the year 17S5 to 1796, to bring forth proofs of any credits omitted, before the auditors in the country, the arbitrators, and the Chancery Commissioner, it is presumable he has brought forth all he was able to discover, and very unreasonable to make the executor chargeable upon grounds merely suppositions; and to add to this severity, the executors are charged with costs in equity; the necessity of applying to which Court was occasioned by Watson’s own neglect.
The Court, therefore, reverse the decree with costs, and dissolve the injunction as to 16/. 2s. 9d. with interest from the first of May, 1787, and all the costs of common law, as well in the District as County Court, exclusive however, of the damages awarded in the District Court on the affirmance of the judgment, and the injunction to stand and be perpetual as to the residue, and the parties are to bear their own costs in the Court of Chancery.

[* 2 Call, 102.]